IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **NICOLAS ALFONSO PADRON,**     ) | |
| Plaintiff,                               ) | |
| vs.                                            ) | No. 3:19-CV-609-M-BH |
|                                                     ) | |
| **DAN COGDELL,**                     ) | |
| Defendant.                          ) | Referred to U.S. Magistrate Judge |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By *Special Order 3-251*, this *pro se* prisoner removed case has been automatically referred for full case management. Based on the relevant filings and applicable law, the case should be **REMANDED** to the state court *sua sponte* for lack of jurisdiction.

### I. BACKGROUND

On February 1, 2019, Nicolas Alfonso Padron (Plaintiff) sued his former criminal defense attorney, Dan Cogdell (Defendant), for fraud, breach of fiduciary duty, and legal malpractice in the 14th Judicial District Court of Dallas County, Texas. (doc. 1-2 at 8-9.)[1] He claims that he hired Defendant to represent him in a federal criminal case. (*Id.*) A seizure and forfeiture order under 21 U.S.C. § 853(a) was obtained in that case for tainted assets, but untainted assets were also seized, and Defendant failed to "look into the return" of those untainted assets as requested, resulting in a loss of $181,436.26. (*Id.*) He acknowledges that he agreed not to sue Defendant for ineffective assistance of counsel, but the agreement does not prevent him from "filing a civil suit for fraud and fiduciary breach against [Defendant], under the civil fraud statute 42 USCS § 1983." (*Id.* at 9-10.)

On March 12, 2019, Defendant removed this action to the federal district court for the Northern District of Texas, Dallas Division. (doc. 1.) He alleges that federal question jurisdiction

---

[1] Citations refer to the cm/ecf system page number at the top of each page rather than the page numbers at the bottom of each filing.

exists over this action because Plaintiff is "pleading protections of 42 U.S.C. § 1983," and the claims relate directly to his representation of Plaintiff in *United States v. Padron*, No. 3:12-CR-211-N (N.D. Tex.). (*Id.* at 1.)

## II. JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Courts have "a continuing obligation to examine the basis for their jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990). They may *sua sponte* raise the jurisdictional issue at any time. *Id.*; *EEOC v. Agro Distrib., LLC*, 555 F.3d 462, 467 (5th Cir. 2009) (even without an objection to subject matter jurisdiction, a court must consider *sua sponte* whether jurisdiction is proper). Accordingly, the Court must *sua sponte* determine whether jurisdiction exists over this removed case.

Any civil action brought in state court may be removed to federal court if the district court has original jurisdiction over that action. 28 U.S.C. § 1441(a). A district court's original jurisdiction is of two types: federal question jurisdiction and diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. Federal question jurisdiction exists in all civil actions arising under the Constitution, laws, or treaties of the United States. *Id.* § 1331. "The removing party bears the burden of showing that federal question jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. and Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir.2002). "[A]ny doubt about the propriety of removal

must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir.2007).

Federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's well-pleaded complaint. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). This requires "a well-pleaded complaint [to] establish[] either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Singh v. Duane Morris LLP*, 538 F.3d 334, 337–38 (5th Cir. 2008). To determine whether resolution of a substantial question of federal law is necessary, courts must determine whether "(1) resolving a federal issue is necessary to resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities." *Id.* at 338.

A.    **42 U.S.C. § 1983**

As noted, Defendant alleges that federal question jurisdiction exists over this action because Plaintiff invokes 42 U.S.C. § 1983. (doc. 1 at 1.)

To raise a claim under § 1983, a plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005). "Section 1983 confers no substantive rights, but merely provides a remedy for the violation of right secured under the Constitution and laws of the United States." *Kirchberg v. Feenstra*, 700 F.2d 991, 1000 (5th Cir. 1983). "[A]n underlying constitutional or statutory violation is a predicate to liability under §

1983." *Harrington v. Harris*, 118 F.3d 359, 365 (5th Cir. 1997) (citation omitted).

Although Plaintiff's petition refers to § 1983, he does not allege or plead facts to support a finding that Defendant violated his rights under federal statutes or the federal constitution. Nor does he allege or plead facts to show that Defendant acted under color of state law. It is well-established that an attorney does not act under color of state law in representing a defendant at trial. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (holding that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding); *Mills v. Crim. Dist. Ct. No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) (holding that "private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983"). Instead, Plaintiff refers to § 1983 as the "civil fraud statute" in connection with his state law claims of fraud, breach of fiduciary duty, and legal malpractice. His passing reference to § 1983 is not enough to present a federal question under that statute. *See Tiner v. Cockrell*, ___ F.App'x ___, No. 18-50558, 2019 WL 1125332, at *1 (5th Cir. Mar. 11, 2019) (complaint under § 1983 did not invoke federal question jurisdiction where plaintiff did not plead facts demonstrating that defendants acted under color of state law).

**B.** <u>**Representation of Plaintiff in a Federal Criminal Case**</u>

Defendant also alleges that federal question jurisdiction exists over this case because the claims relate directly to his representation of Plaintiff in a federal criminal case. (doc. 1 at 1.)

That Plaintiff's claims arise from Defendant's representation of him in a federal criminal case is also insufficient to establish federal question jurisdiction. In *Gunn v. Minton*, 568 U.S. 251 (2013), a state court legal malpractice case based on representation in a federal patent lawsuit, the Supreme Court concluded "that state legal malpractice claims based on underlying patent matters

4

will rarely, if ever, arise under federal patent law. ... Although such cases may necessarily raise disputed questions of patent law, those cases are by their nature unlikely to have the sort of significance for the federal system necessary to establish jurisdiction." *Id.* at 258-59. It explained that in analyzing whether a case necessarily depends on the resolution of a substantial question of federal law, "it is not enough that the federal issue be significant to the particular parties in the immediate suit; that will *always* be true when the state law claim 'necessarily raise[s]' a disputed federal issue .... The substantiality inquiry ... looks instead to the importance of the issue to the federal system as a whole." *Id.* at 260 (emphasis and brackets in original).

Similarly, the plaintiff in *Singh* sued his former attorney in state court for legal malpractice based on the attorney's representation of him in a federal trademark lawsuit. *Singh*, 538 F.3d at 336-37. The attorney removed the case to federal court, alleging that the outcome of the malpractice case depended on the resolution of issues under federal trademark law. *Id.* at 337. The Fifth Circuit held that the case did not present an important issue of federal law for purposes of federal question jurisdiction because the trademark issue did not require "resort to the experience, solicitude, and hope of uniformity that a federal forum offers." *Id.* at 339 (citation omitted). It recognized that "federal jurisdiction over a state-law malpractice claim would upend the balance between federal and state judicial responsibilities," since "[l]egal malpractice has traditionally been the domain of state law, and federal law rarely interferes with the power of state authorities to regulate the practice of law." *Id.*; *see also Williams v. Menes*, No. 3:18-CV-1413-L, 2018 WL 3803877 (N.D. Tex. July 3, 2018), *rec. accepted*, 2018 WL 3770271 (N.D. Tex. Aug. 9, 2018) ("[m]any courts have held that ... attorney malpractice claims properly belong in state court, even where the underlying case involved claims arising under federal law") (citations omitted).

5

Here, although Plaintiff's claims arise from Defendant's representation of him in a federal criminal case, and will likely involve the application of federal forfeiture law, Defendant has not shown that the federal issue is substantial, and that federal jurisdiction over this traditionally state-law claim would not disturb the balance of federal and state judicial responsibilities. *See Singh,* 538 F.3d 338. He has not shown that this case presents a substantial question of federal law sufficient to establish federal question jurisdiction. *See Singh,* 538 F.3d 334.

In conclusion, Defendant has not shown a basis for the exercise of subject matter jurisdiction over this case either because of Plaintiff's reference to § 1983, or because his claims arise out of Defendant's representation of him in a federal criminal case.

### III. RECOMMENDATION

This case should be *sua sponte* **REMANDED** to the 14th Judicial District Court of Dallas County, Texas, for lack of subject matter jurisdiction.

**SO RECOMMENDED this 5th day of April, 2019.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## NSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE